HaRris, J.,
delivered the opinion of the Court.
This bill was filed by complainants in the Chancery Court at Rutledge, on the 1st of October, 1851, in which they charge, that on the 19th day of March, 1847, they purchased of one Edmond Collins a tract of about four hundred acres of land, described in said Collins’ deed to them, of that date, and that they were put in possession of the same. That said Thomas H. Conn brought an action of ejectment against them for said land, and upon the trial of the same, read and relied on a grant from the State of Tennessee to himself, for three hundred acres of said land, dated the 12th of February, 1849. That said grant upon its face, purports to have issued by virtue of a transfer made by the Sheriff of Grainger county, of the entry, predicated on levies and sale of said entry, by virtue of three executions against said Collins. That said levies are void for uncertainty; and that the Sheriff wholly failed to give said Collins, (the execution debtor who was then in possession of the land,) the written notice of the time and place of the sale, as required by the act of 1799; and for these reasons the sale and the transfer of the entry are void, and communicated no authority to said Conn to obtain the legal title to said land to himself, and that he holds the same in trust for complainants, and that they have no adequate relief in a court of law. The bill prays for a perpetual injunction and that said Conn be divested of his title and that the same be vested in complainants.
To this bill there was a demurrer, which was dis *223 allowed by the Chancellor, and the respondent was ordered to answer.
The answer admits the pendency of the action of ejectment — the obtaining the grant by virtue of the assignment of the plat and certificate of the survey of the entry, made by the Sheriff — admits the vagueness and uncertainty of the levies; but insists that the transfer made after the sale, upon the plat and certificate, in which the land is particularly described, aids the defective levies, and makes them good. It admits that the Sheriff omitted to insert in his return, that he had given the defendant Collins the written notice required by the act of 1799, ch. 14, sec. 1; but avers that he gave notice to Collins’ tenants, who resided on the land, and that Collins at the time, was absent in Kentucky; that he returned, was informed of the levy, and was present at the sale; and insists that notice to the tenants was sufficient, and that the issuance of the grant cures all these defects. The answer also avers that one of the complainants, John Lafferty, advised respondent to purchase the land at the sale, and that complainants afterwards, in bad faith, purchased and took a conveyance of said land from Collins, with full knowledge of respondent’s rights. E. Thomason, (the Sheriff,) exhibits and makes part of his deposition, the following notice, which he delivered to H. Haslip, a tenant in possession: “Edmond Collins, or his tenant, Henry Plaslip, take notice; that on the 3d August next, at the court house door in the town of Rutledge, I will sell all the right, title and claim that you have of and to, three hundred and fifty acres of land, levied on as the property of *224 Edmond Collins, to satify,” &e; Witness also proved, that he left a similar notice with another tenant, and also one with a “ Mrs. Griffin, a woman with whom said Collins had been living, as I was informed,” who did not live on said land. There is also the proof of one witness tending to show that John Laffej’ty, one of the complainants, was present at the sale, and advised Conn to purchase the land if he wanted to make his money. The following is the levy under which said land was sold: “ Search made, and no personal property found in my county. Then levied this fi. fa. on three hundred and fifty acres of land, the property of Edmond Collins, this 7th May, 1846. E. Thomason, Sheriff.”
The grant to Conn is for three hundred acres.
On the hearing, the Chancellor adjudged the sale and transfer of the entry void, for the uncertainty of the levy, and also for want of the written notice to Collins, required by the act of 1799; perpetually en-. joined the action at law, divested respondent of his title to said land and vested the same in complainants ; and defendant appealed to this Court.
The first question presented, is, was the levy sufficient? A levy, to be valid, must be sufficiently descriptive of the property to be sold, to enable the purchaser to ascertain the nature and value of the thing he is buying; otherwise, no estimate of the value could be made; and without this there will generally be a sacrifice of the property on the part of the debtor or purchaser. Thus, “ All the unsold land in a forty, thousand acre tract,” is entirely vague, and void for uncertainty. Huddleston vs. Garrett, 3 Humph., 629-631. *225 So, “ Levied on eight thousand acres of land, lying in four different tracts.” Pounds vs. Pullen, 3 Yerg., 338-340; also, Brown vs. Dickson, 2 Humph., 395-397; Taylor vs. Cozart, 4 Humph., 433-4. “ There must also be, by description, such ascertainment of identity as shall prevent one piece of land from being sold, and a distinct piece conveyed.”
In this case the only description given is, “ three hundred and fifty acres of land, the property of Edmond Collins,” and the entry transferred is for only three hundred acres. There can be no doubt that, upon well settled authorities, this levy is void for uncertainty. And we think as little doubt, that the sale was void for want of the notice required by the act of 1799, ch. 14. The 1st section of that act provides that when the defendant is in the actual possession and occupation of the land levied on, the officer must serve him with written notice of the levy, and of the time and place of the sale, at least twenty days previous thereto. And the second section declares all sales made contrary to the provisions of this act void. And this Court has so held in the case of Trott & McBroom vs. McGavock, 1 Yer., 469—481; Loyd vs. Anglin, 7 Yer., 428-431, and in various subsequent cases. Leaving notices with the tenants, and with “ a woman with whom the Sheriff was informed the defendant had been living,” was no compliance with the requisitions of the statute.
It is also insisted that the Sheriff made the transfer of the plat and certificate in contravention of the provisions of the act of 1827, ch. 25, which require that it shall not be made until after two years from *226 sale, the time allowed by law to the defendant in the execution to redeem, and that therefore the grant is-void; or if not void at law, it affords the defendant no equitable ground upon which be can stand in a Court of Equity.
When the action of ejectment upon this grant was before this Court in 1851, the Court held that the act of 1827, was merely directory, and though disregarded by the Sheriff, it did not invalidate the grant at law. Conn's Lessee vs. Haslip, et al, 1 Swan, 31. In delivering the opinion of this Court in that case, His Honor, Judge Totten says, “ If by reason of any valid objection to the sale, as the want of sufficient levy or notice, it should appear that the Plaintiff 'in point of fact or in justice is not entitled to the land in virtue of his said purchase, that is matter for a bill in equity to compel him to relinquish and convey the legal title to the true and proper owner; or by decree to divest him of his title.”
But have the complainants made out such a case as to show that in fact and in justice the defendant is not entitled to the land? In the, most favorable attitude they can assume, they can stand in no- better position than could Collins, their vendor, were he before the Court.
Then what are his grounds for equitable relief?
First. That the sale was void for an insufficient levy and for want of legal notice of the time and place of the sale. We have already seen that these objections would have been fatal at law. And we may safely assume that he had an adequate remedy at law. For although the Sheriff made the transfer *227 in contravention of the directory act of 1827, yet Collins might have brought his caveat and shown the invalidity of the sale and transfer, and have prevented the issuance of the grant. This, however, he neglects to do. Nor were his rights yet concluded, for at any time within two years from the sale, notwithstanding the issuance of the grant, he had the right to redeem the land by paying the grantee the money he had paid at the sale, with 6 per cent interest thereon, and compel him to convey the legal title. He chose, however, to hold on to the benefit of the $307, which Conn had paid for the land at the sale, and rely upon what he supposed to be a subsisting legal advantage, and when he is defeated in a Court of law upon the ground that he neglected to avail himself of his legal advantage at a proper time, he stands in a bad attitude to invoke the aid of a Court of Chancery to grant him relief.
The complainants have purchased from him with a full knowledge of defendant’s rights, and from the proof, it is probable for a much smaller price than defendant gave, and certainly their equities are not superior, if equal to the equities of defendant. Under these circumstances we are satisfied a Court of Chancery should not disturb the legal title.
We therefore reverse the decree of the Chancellor and dismiss the bill.